UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD J. DELL ,

    Petitioner,

v.                                          CASE NO: 8:10-cv-560-T-30MAP
                                                Crim. Case No: 8:06-cr-314-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on March 3, 2010, the Government's Response (CV Dkt. #5) filed on May 7, 2010, and Petitioner's reply (CV Dkt. #7) filed on June 11, 2010.

### Background

Petitioner, EDWARD J. DELL (hereinafter referred to as "Dell" or "Petitioner") was charged with conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, possession with intent to distribute crack cocaine, in violation of § 841(a)(1), (b)(1)(C), distribution of crack cocaine, in violation of § 841(a)(1), (b)(1)(B), and knowingly opening, using, and maintaining a place for the purpose of manufacturing and distributing cocaine base, in violation of § 856. A jury convicted Dell as charged. On November 7, 2007, this Court sentenced Dell to 235 months of imprisonment and 60 months of supervised release.

Dell appealed to the Eleventh Circuit Court of Appeals. In his brief, Dell admitted that trial evidence shows his participation in the drug conspiracy on February 25, 2005, September 28, 2005, October 3, 2005, and October 10, 2005, but claimed the drug amount attributable to him should be "at the most, 50 grams." Attachment A at 8. Dell asserted that this "Court erred by failing to both determine the scope of [his] criminal activity... and to specify the amount of crack cocaine attributable to ... Dell in the entire case." *United States v. Henry*, 307 Fed. Appx. 331, 336 (11th Cir. 2009), cert. denied, 129 S. Court. 2037 (2009). The Eleventh Circuit determined that the amount of drugs for which Dell was held accountable, 1.5 kilograms of crack cocaine, was reasonably foreseeable based on Dell's "extensive[] involvement in the conspiracy." *Henry*, 307 Fed. Appx. at 337. After the Eleventh Circuit affirmed Dell's conviction, a petition for a writ of certiorari was denied by the Supreme Court on April 20, 2009.

In August 2009, this Court appointed Dell counsel for the purpose of seeking a reduction in his sentence based on Dell's motion filed pursuant to 18. U.S.C. § 3582(c)(2) that relied on Amendment 706 to the United States Sentencing Guidelines, a retroactive amendment that reduced the base offense levels for crack cocaine offenses that involved less than 4.5 kilograms of crack cocaine. This Court also ordered the United States Probation Office to prepare a supplemental PSR addressing whether Dell was eligible for a reduction in his sentence. Because Dell's sentencing occurred after November 1, 2007, and he had already received the benefit of a sentencing reduction based on Amendment 706, this Court denied Dell any further relief on this basis.

On March 3, 2010, Dell filed a section 2255 motion and he alleges four grounds for relief as follows:

**Ground One:** Counsel was ineffective on appeal for failing to raise a sentencing challenge pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007) or *Gall v. United States*, 552 U.S. 38 (2007). D-cv-1 at 10, 13.

**Ground Two:** Counsel was ineffective for failing to sever his case or prepare a "key defense" by impeaching the government's witnesses or by calling defense witnesses, "including the co[-]defendants." D-cv-1 at 10, 14.

**Ground Three:** Counsel was ineffective on appeal for failing to raise arguments concerning "drug quantity" or "specific intent." D-cv-1 at 10, 15.

**Ground Four:** "The sentencing court failed to create a record, sufficient for challenge and review," or that, in the alternative, counsel was ineffective. D-cv-1 at 11, 16. In the alternative, Dell argues that, should the Court deem the deficiency in the record to be a result of his counsel's failure to object, this claim should be construed as an ineffective assistance of counsel claim.

## STANDARD OF REVIEW

Under Title 28 U.S.C. § 2255, Petitioner may move the court which imposed the sentence to vacate, set aside or correct the sentence, only if he is claiming the right to be released upon the ground that:

1. the sentence was imposed in violation of the Constitution or laws of the United States;

  2.  the court was without jurisdiction to impose such sentence;

  3.  the sentence was in excess of the maximum authorized by law; or

  4.  the sentence is otherwise subject to collateral attack.

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 687, 694. "There is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing of one." *Strickland*, 466 U.S. at 697. Thus, if Petitioner fails to show the he is prejudiced by the alleged errors of counsel, this Court may reject Petitioner's claim without determining whether his counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

The standard for assessing a claim of ineffective assistance of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that it cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 668, 688. For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *Strickland*, 466 U.S. at 690. Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). "The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance

was unreasonable." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). The burden of persuasion is high and there is a strong presumption the counsel's performance was reasonable. *Strickland*, 466 U.S. at 689-90. If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See Chandler*, 218 F.3d at 1314-15 n. 15. Furthermore, for Petitioner to show deficient performance, he must establish that no competent attorney would have taken the actions his counsel did. *Id.* at 1315.

Dell's conviction became final on April 20, 2009, when his petition for certiorari review was denied. Therefore, Dell had until April 20, 2010, to file his § 2255 motion. Since Dell filed his motion on March 3, 2010, his motion is timely.

## Discussion

Petitioner raises four grounds in his § 2255 motion.

**Ground One:**

In Ground One Dell claims that his "[a]ppellant[sic] counsel failed to appeal an issue which resulted in two co[-]defendants receiving remands and be sentenced to reduced prison time." D-cv-1 at 13. Dell argues that his counsel should have raised the Supreme Court decisions *Kimbrough v. United States*, 552 U.S. 85, 90 (2007) (guidelines are now only "one factor among several courts must consider in determining an appropriate sentence") or *Gall v. United States*, 552 U.S. 38, 47 (2007) (rejecting heightened standard of review for sentence outside guidelines range), in his appeal.

Generally, the *Strickland* standard of ineffectiveness of counsel applies to counsel at the appellate level as well as the trial level. *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001). Dell's appellate counsel was not ineffective for not raising a *Kimbrough* issue because that issue was not raised at Dell's sentencing. A defendant may not raise arguments on appeal that were not made to the sentencing judge.

Dell's co-defendants argued at their sentencing, which was separate from Dell's, that the Court should calculate their guidelines on a 1:1 crack to powder ratio, i.e. treat crack cocaine the same as powder cocaine. The sentencing court ruled that was reason insufficient to support a variance. One month later, the Supreme Court ruled in *Kimbrough* that it was an acceptable reason. The Eleventh Circuit remanded the co-defendants' cases to give this Court the opportunity to consider that argument. Since Dell's counsel had not raised that argument at sentencing, it could not be made on appeal. Appellate counsel is not ineffective for failing to raise an issue that is barred.

In Ground Four, Dell argues, in the alternative, that if the sentencing record is deficient because of his lawyer's failure to object, then his sentencing counsel was ineffective. But sentencing counsel cannot be deemed ineffective either. Dell was sentenced November 7, 2007. Both *Gall* and *Kimbrough* were argued on October 2, 2007, and decided December 10, 2007. Therefore, Dell was sentenced before the *Gall* and *Kimbrough* decisions were entered. It is not ineffective assistance of counsel for an attorney to fail to foresee a change in the law, even when the change is such that the forfeited issue would have been, in hindsight, successful. This is the case even where the argument was reasonably

available. *Pitts v. Cook*, 923 F.2d 1568 (11th Cir. 1991). Therefore, Dell has not established deficient performance by either sentencing or appellate counsel and the *Strickland* test is not met. Accordingly, Ground One will be denied.

**Ground Two:**

In Ground Two, Dell contends that his counsel rendered ineffective assistance by not seeking severance of his trial from his co-defendants. Dell suggests severance would have allowed him "to compel and confront the co[-]defendants." D-cv-1 at 14. Dell attaches no affidavits or other supporting evidence that his co-defendants were inclined to testify on his behalf or otherwise provide any type of exculpatory testimony. In fact, Dell fails to state what their testimony would have revealed or how it would have affected the outcome at a separate trial. As such, Dell fails to assert any possible basis for his counsel to move for severance, and does not show that he was prejudiced in any way by his counsel's failure to seek severance. Therefore, Dell has failed to meet the *Strickland* test.

Dell also claims that his counsel was constitutionally ineffective for failing to prepare a "key defense" by impeaching the government's witnesses or by calling defense witnesses, "including the co[-]defendants" and alleges counsel "dissuaded" him from testifying on his own behalf. D-cv-1 at 10, 14. Dell's arguments are not supported by any objective evidence beyond his own self-serving, post-conviction allegations and he fails to offer any facts that would merit relief.

Dell has not established the second prong of the *Strickland* test, that counsel's performance prejudiced him. In order to show that he was prejudiced, Dell must show that,

but for, counsel's deficient performance, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 690. Dell's unsupported assertions address only a limited portion of the government's proof, and wholly ignore the other evidence which demonstrated his guilt. Dell has failed to show a reasonable probability that the results of the proceeding would have changed and has not established that he was prejudiced. Therefore, Dell's assertions concerning his counsel's trial conduct do not demonstrate ineffective assistance under the *Strickland* test. Accordingly, Ground Two will be denied.

**Ground Three:**

Dell's argument under Ground Three is unclear but seems to challenge his counsel's effectiveness in appealing issues involving "drug quantity" and "specific intent." D-cv-1 at 15. Dell faults counsel for not "think[ing] prospectively [about the law] in order to preserve [Dell's] rights." *Id*. Dell's vague assertions fail to identify what argument counsel should have raised on appeal. Vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Therefore, Dell's assertions do not demonstrate sufficient grounds under the *Strickland* test. Accordingly, Ground Three will be denied.

**Ground Four:**

Under Ground Four, Dell argues that "the sentencing court failed to create a record, sufficient for challenge and review," or that, in the alternative, counsel was ineffective. D-cv-1 at 16. Other than the ineffective assistance of counsel at sentencing claim discussed as part

of Ground One, Dell does not state a claim because he does not indicate how the record was insufficient or in what way the record prejudiced him. Therefore, Dell has not stated sufficient grounds to meet either prong of the *Strickland* test. Accordingly, Ground Four will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#366, in the underlying criminal case, case number 8:06-cr-314-T-30MAP.

## **Certificate of Appealability**

Petitioner is hereby granted a certificate of appealability on the issue of whether his sentencing counsel was ineffective for failing to raise an argument that the Court should grant a downward variance treating the crack guidelines the same as that used for powder cocaine. Subsequent to sentencing, this argument was accepted by the Supreme Court in *Kimbrough* as a valid reason to support a downward variance from the guidelines.

Dell was sentenced on November 7, 2007. The *Kimbrough* case was argued to the Supreme Court on October 2, 2007, and decided December 10, 2007. The argument was reasonably available to sentencing counsel but not made. Counsel for two of Dell's co-defendants did make the argument at a separate sentencing hearing, also before *Kimbrough* was decided, and the Eleventh Circuit remanded their cases to this Court for consideration of

the *Kimbrough* argument. For the two co-defendants, this Court accepted their argument of a 1:1 crack to powder ratio and lowered their sentences.

It would be just for this Court to treat Dell the same as his two co-defendants in determining his sentence. But this Court is constrained from concluding that sentencing counsel was ineffective because of the Eleventh Circuit's prior ruling that counsel is not ineffective for failing to raise a claim before the law has actually changed, even when such argument is reasonably available and made by other counsel. *Pitts v. Cook*, 923 F.2d 1568 (11th Cir. 1991). This Court is aware of the merit of such a rule, but concludes that Dell should be entitled to an appeal in the event the Eleventh Circuit were inclined to change it.

As to proceeding on appeal *in forma pauperis*, Dell is directed to submit the appropriate motion and financial information for a determination of that issue.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2010\10-cv-560.deny 2255.frm