# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    Case No: 8:06-cr-314-T-30MAP

EDWARD DELL.

_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's pro se Motion for Reconsideration (Doc. 405), requesting that the Court reconsider its order reducing Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. Specifically, Defendant requests that the Court exercise its discretion and lower his sentence below the minimum of the amended guideline range. Unfortunately, the relief Defendant seeks is unavailable.

## BACKGROUND

Following a jury trial, Defendant was sentenced to 235 months in prison; this sentence was at the bottom of Defendant's guideline range. Several years later, pursuant to Amendments 750 and 759 to the United States Sentencing Guidelines, the Court sua sponte reduced Defendant's sentence from 235 months to 188 months; again, this sentence was at the bottom of the amended guidelines range. (Doc. 376). Defendant filed a motion for reconsideration, which the Court granted, reducing Defendant's sentence to 168 months. (Docs. 377, 386). The government did not challenge or appeal the additional reduction of Defendant's sentence.

Most recently, Defendant filed a motion for a sentence reduction under § 3582(c)(2) and Amendment 782, which the Court granted, reducing Defendant's sentence to 151 months. (Docs. 400, 401). Defendant now seeks reconsideration requesting that the Court reduce Defendant's sentence to 120 months. (Doc. 405).

## DISCUSSION

Title 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

(Emphasis added). United States Sentencing Guideline § 1B1.10(b)(2) provides:

> (A) Limitation.--Except as provided in subdivision (B), *the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.*
>
> (B) Exception for Substantial Assistance.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.\

(Emphasis added).

Section 1B1.10 is a binding policy statement governing motions for sentence reductions under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 826-28 (2010).

In 2010, the Sentencing Commission promulgated Amendment 759 which made several changes to § 1B1.10 and its commentary. Relevant to the present discussion, it made changes to a court's discretion to reduce a defendant's sentence below the amended guideline range. "Before Amendment 759, a district court had discretion to lower a defendant's sentence below the amended guidelines range subject to some restrictions." *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). After Amendment 759, however, a court cannot reduce a sentence below the amended guideline range except in cases where the "original sentence imposed had been below the applicable guidelines range because of a reduction based upon the defendant's substantial assistance to authorities." *Id.*

In 2012, upon its own motion, the Court reduced Defendant's sentence under § 3582(c)(2) pursuant to Amendment 750 and provided Defendant with the lowest possible sentence under the amended guidelines. Defendant filed a motion for reconsideration, which the Court granted, further reducing Defendant's sentence. It appears that the reduction was likely made in error because it did not comport with the amendments to § 1B1.10(b)(2); but the reduction was allowed to stand because it was never challenged by the government.

Currently, Defendant requests that the Court reduce his sentence in direct contradiction to the binding limitations imposed by § 1B1.10(b)(2). Defendant contends that § 1B1.10(2) is not binding upon the Court, but this assertion directly contradicts established Supreme Court precedent. *See Dillon v. United States*, 560 U.S. 817, 826-28 (2010); *see also United States v. Hall*, No. 14-14872, 2015 WL 4269583, at *3 (11th Cir.

July 15, 2015) (recognizing the binding nature of § 1B1.10(b)(2)).  Contrary to Defendant's assertion, the Court does not possess the discretion to provide the relief requested by Defendant because it is bound by § 1B1.10(b)(2).

Defendant also contends that the Court should reduce his sentence further because it previously reduced his sentence below the minimum guideline range despite the limitations of § 1B1.10(b)(2).  However, the fact that the Court may have mistakenly reduced Defendant's sentence previously has no bearing on the propriety of that action with regard to the present motion.  *Cf. United States v. Ridley*, 565 F. App'x 802, (11th Cir. 2014) (noting that an erroneous stipulation by the government with respect to a prior motion under § 3582(c)(2) did not constitute waiver or law-of-the-case doctrine with respect to the § 3582(c)(2) motion currently at issue).

## CONCLUSION

Because § 1B1.10(b)(2) directly prohibits the Court from lowering Defendant's sentence below the amended guideline range, Defendant's motion should be denied.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's pro se Motion for Reconsideration (Doc. 405) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of August, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2006\06-314 USA v. Dell.docx